UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL PEREZ,

                              Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                      03-CV-6246L

                    v.

JOANNE B. BARNHART,
Commissioner of Social Security,

                              Defendant.
_____

## INTRODUCTION

This action was brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that plaintiff Angel Perez is not disabled under the Social Security Act, and therefore, is not entitled to disability insurance and supplemental security income benefits.

Both the Commissioner and plaintiff have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  For the reasons discussed below, the Commissioner's motion is granted, plaintiff's motion is denied, and the complaint is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff was born on August 20, 1958.  He has a high school education and past relevant work experience as an export manager.

Plaintiff applied for benefits on April 29, 1999, alleging a disability onset date of March 19, 1999, due to multiple injuries and kidney stones.  After the application was denied initially and on reconsideration, plaintiff requested a hearing.  A hearing was held on August 10, 2001, and the administrative law judge ("ALJ") issued a decision on September 26, 2001, finding that plaintiff was not disabled and denying his application.  (T. 22-28).  The ALJ's decision became the final decision of the Commissioner on March 26, 2003, when the Appeals Council denied plaintiff's request for review.  (T. 7-9).  This action followed.

## DISCUSSION

### I.  Definition of Disability

Under the Social Security Act ("the Act"), a person is considered disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ... ."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  A physical or mental impairment (or combination of impairments) is disabling if it is of such severity that a person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ... ."  *Id.* at §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a person is disabled within the meaning of the Act, the ALJ proceeds through a five-step sequential evaluation.  *Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999).  The Second Circuit has described the five-step process as follows:

First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity.  Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada*, 167 F.3d at 774.

## II.  The ALJ's Decision

Applying the five-step disability evaluation, the ALJ first found that plaintiff had not engaged in substantial activity since his alleged onset date.  At steps two and three, the ALJ found that plaintiff had several severe impairments, including urinary tract disorder and degenerative disc disease, but that his impairments were not severe enough to meet or medically equal any listed impairment.  He also found that plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work, including his past relevant work as an export manager. He therefore found that plaintiff was not disabled.  (T. 27-28).

## III.  Standard of Review

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and the ALJ applied the correct legal standards.  42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002); *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.

2002); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as

"'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Thus, "[i]t is not the function of

a reviewing court to decide *de novo* whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d

45, 52 (2d Cir. 1999).  "Where the Commissioner's decision rests on adequate findings supported

by evidence having rational probative force[,]" this Court cannot substitute its own judgment for that

of the Commissioner.  *Veino*, 312 F.3d at 586.

Such a deferential standard, however, is not applied to the Commissioner's conclusions of

law.  *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984); *accord Tejada*, 167 F.3d at 773.  This

Court must independently determine if the Commissioner's decision applied the correct legal

standards in determining that the plaintiff was not disabled.  "Failure to apply the correct legal

standards is grounds for reversal."  *Townley*, 748 F.2d at 112.  Therefore, this Court is to first review

the legal standards applied, and then, if the standards were correctly applied, consider the

substantiality of the evidence.  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987); *see also Schaal

v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("'Where there is a reasonable basis for doubt whether

the ALJ applied correct legal principles, application of the substantial evidence standard to uphold

a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right

to have her disability determination made according to the correct legal principles.'") (quoting

*Johnson*, 817 F.2d at 986).

Here, the Commissioner argues that substantial evidence in the record exists to support the ALJ's determination that plaintiff is not disabled.  Plaintiff contends that the ALJ's decision is not supported by substantial evidence, and that the ALJ erred in a number of respects.

## DISCUSSION

### I. Vocational Expert's Testimony

Plaintiff contends that the ALJ improperly rejected certain testimony of the vocational expert ("VE").  Specifically, the ALJ posed a hypothetical question to the VE, positing a person who could occasionally lift or carry twenty pounds, frequently lift or carry ten pounds, sit two hours in an eight-hour day, and stand or walk six hours in an eight-hour day, along with certain other specified limitations.  (T. 75-76).  The VE testified that such a person would not be able to perform plaintiff's past relevant work as he had performed it.  (T. 76).

The ALJ then asked the VE to "assume the original hypothetical with the limitations I assigned and add to it the ability to perform the demands of light work and include any other lower exertion level, providing it doesn't violate the hypothetical."  The VE again stated that such a person could not perform plaintiff's past relevant work as it is normally performed in the national economy.  (T. 76).

When asked what the basis for her opinion was, the VE responded, "Because of the limitation of sitting for only two hours."  (T. 76).  She added, "if [the hypothetical person] can only sit two hours, that means he would have to walk or stand six hours, which elevates it to a light level ... ."  (T. 77).  She concluded that this would preclude plaintiff's past work as an export manager, because that position is defined as sedentary.  (T. 77).  In sedentary work, walking and standing are

required only "occasionally," 20 C.F.R. § 404.1567(a), generally no more than two hours out of an eight-hour workday.  S.S.R. 83-10, 1983 WL 31251, at *5; S.S.R. 96-9p, 1996 WL 374185, at *3.

The ALJ then attempted to clarify both his hypothetical and the VE's reasoning, in response to which the VE stated that she understood the hypothetical to mean that the person in question "cannot sit six hours" out of an eight-hour workday.  (T. 77).  The ALJ then replied that "the presumption is, when a person can do light work, he can also do sedentary work," and that "if he can do sedentary work, that means he can ... sit six hours in an eight-hour day and stand or walk two hours in an eight-hour day."  (T. 77-78).

The VE replied, "Right.  However the – as the hypothetical was posed to me, I'd understood it that he could only sit for two hours ... which eliminates those positions that require sitting up to six hours."  (T. 78).  The ALJ then repeated that "the underlying presumption is if he can do ... light work, he can do sedentary work.  And I've already defined for you, on the record, what that is."  (T. 78).  The ALJ then allowed plaintiff's attorney to examine the VE, and after a few questions (which did not concern the sitting/standing/walking matter), the hearing concluded.

In his decision, the ALJ found, *inter alia*, that plaintiff can "sit 2 hours in an 8 hour day and stand/walk 6 hours in an 8 hour day ... ."  (T. 25).  Based in part on that finding, he concluded that plaintiff had the RFC "to perform his past relevant sedentary exertion work as an import/export agent and export manager ... ."  (T. 27).

With respect to the VE's testimony that the person in the ALJ's hypothetical could not perform plaintiff's past relevant work, the ALJ stated that "this testimony is rejected."  (T. 27).  He stated that "[t]he vocational expert incorrectly assumed that if the claimant could sit 2 hours in an 8 hour day and stand/walk 6 hours in an 8 hour day, he would be restricted from an ability to sit 6

hours in an 8 hour day and stand/walk 2 hours in an 8 hour day." The ALJ said that this assumption was incorrect because "[u]nder Social Security regulations, if a claimant is able to perform nearly the full range of light exertion work, it is presumed that he is also able to perform sedentary exertion work ... ." (T. 27).

Plaintiff now argues that the ALJ erred in rejecting the VE's testimony. He contends that the ALJ did not comply with the requirement, set forth in SSR 00-4p, that he obtain an explanation from the VE regarding any discrepancy between her testimony and the job descriptions in the Dictionary of Occupational Titles ("DOT"). Plaintiff also takes issue with the ALJ's statement that the VE's testimony was based on the VE's incorrect assumptions. Plaintiff contends that the VE "underst[ood] the hypothetical and gave a valid answer," which the ALJ was not free to reject. Plaintiff's Memorandum of Law at 6.

I am not persuaded by these arguments. First, SSR 00-4p states that "[w]hen there is an apparent unresolved conflict between VE ... evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before *relying* on the VE evidence to support a determination or decision about whether the claimant is disabled." 2000 WL 1898704, at *2 (emphasis added). The ALJ in this case did not rely on the VE's testimony, he rejected it. Thus, SSR 00-4p is inapplicable.

Furthermore, I am not persuaded that the VE's testimony could accurately be described as in "conflict" with the DOT. The VE did not disagree with the DOT's description of the requirements of a particular job; she simply misinterpreted the ALJ's hypothetical. The VE clearly believed that when the ALJ posited an individual who could sit two hours in an eight-hour workday, the individual would be incapable of sitting longer than that. It is evident, though, that the ALJ

meant that the individual would be *allowed* to sit for at *least* two hours per workday, but would be physically *able* to stand or walk for the balance of the workday. There was no "conflict" with the DOT, then, but at most a misunderstanding between the ALJ and the VE. *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003) (noting that "[o]ther circuits have found that the expert and the Dictionary conflict where they disagreed in categorizing or describing the requirements of a job as it is performed in the national economy," and holding that discrepancy between VE's description of job that plaintiff actually performed and DOT's description of that job as it is performed in the national economy did not create "conflict").[1]

In addition, it is evident from the VE's testimony that the *only* reason for her opinion that the hypothetical person would be incapable of performing plaintiff's past relevant work was her interpretation of the question as meaning that the person was physically unable to sit longer than two hours per workday. In response to the ALJ's questions and statements, she repeatedly said that the reason why she believed that the hypothetical person would not be able to perform plaintiff's past work was that she had "understood [the hypothetical to mean] that he could only sit for two hours ... ." (T. 78).

_____

[1] I also note that there is authority that "[t]he ruling [00-4p] requires an explanation only if the discrepancy was 'identified'"–that is, if the claimant (or the ALJ on his behalf) noticed the conflict and asked for substantiation. Raising a discrepancy only after the hearing ... is too late." *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002); *accord Thompson v. Barnhart*, 281 F.Supp.2d 770, 783 (E.D.Pa. 2003). Aside from the discussion between the ALJ and the VE about what the ALJ's hypothetical meant, no "conflict" with the DOT was identified. When given an opportunity to examine the VE, plaintiff's counsel simply asked her whether the job of an export manager would require travel to foreign countries and the use of a computer. (T. 79). *See Paramore v. Barnhart*, No. Civ. A. 03-1452, 2004 WL 1822746, at *8 (stating that "an ALJ need not 'explain away' inconsistencies [between a VE's testimony and the DOT] in every instance" and that "Ruling 00-4p does not impose upon the ALJ an affirmative duty to question the vocational expert about potential inconsistencies in her testimony," where plaintiff's counsel "failed to bring these inconsistencies to light at the administrative level").

As stated, though, the ALJ found no such limitation with respect to plaintiff, nor is there evidence of such a limitation in the record. In fact, the evidence indicates that plaintiff has no limitations on sitting. *See*, *e.g.*, T. 195 (physical capabilities evaluation indicating that plaintiff can sit up to eight hours in an eight-hour workday). The ALJ was therefore entitled to reject the VE's opinion testimony. *See Edwards v. Sullivan*, 985 F.2d 334, 339 (7th Cir. 1993) (when ALJ rejects evidence "on which the vocational [expert] largely relied, the ALJ [is] also entitled to reject the [expert's] findings").

The ALJ was also correct when he stated that a person who can perform light work is presumed capable of performing sedentary work as well. *See* 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time"); *Johnson v. Bowen*, 851 F.2d 748, 751 (5th Cir. 1988) ("According to this definition, a finding that an individual can perform light work also constitutes a finding that the individual can perform the lesser included category of sedentary work, unless he has reduced fine dexterity or is unable to sit for long periods of time"); *Babcock v. Barnhart*, 412 F.Supp.2d 274, 279 (W.D.N.Y. 2006) (physician's "conclusion that plaintiff was capable of performing light work necessarily encompassed the ALJ's conclusion that plaintiff could perform sedentary work") (citing 20 C.F.R. § 404.1567(b)). The ALJ did note certain limitations on plaintiff's ability to perform light work, *see* T. 25, but none of them would preclude sedentary work.

## II. Evaluation of Plaintiff's Credibility

The ALJ stated that he found that plaintiff's "allegations regarding his limitations and disability are not entirely credible ... ." (T. 28). He said that plaintiff's "allegations of disability, including his subjective complaints, are inconsistent with his symptoms, functional limitations, and medical evidence of record." (T. 26). Specifically, the ALJ noted evidence that plaintiff "has been able to lift items such as a bag of groceries, a gallon of milk and his young grandson, make his bed, help with the cooking, visit with friends, take out the garbage, and bathe and dress himself." (T. 26). He also noted that plaintiff had been taking business courses for about twelve hours a week since February 2000. (T. 26). The ALJ stated that nothing in the record supported plaintiff's testimony concerning the severity of his symptoms, such as his kidneys "shut[ting] down" four times a year, a "pinched nerve in the neck," and as many as six six-hour headaches a week. (T. 26).

According to plaintiff, the ALJ simply made a "conclusory statement that the claimant was not fully credible," and then relied on that finding to conclude that plaintiff was not disabled. Plaintiff's Memorandum of Law at 7. I disagree with that characterization. The ALJ did not simply state that he found plaintiff not to be credible, without stating why; rather, he gave specific reasons and cited specific evidence to support his findings in that regard.

Furthermore, the ALJ did not disregard plaintiff's allegations concerning the severity of his symptoms "solely because they [we]re not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *6. The ALJ properly noted the absence of such evidence, *see Curran-Kicksey v. Barnhart*, 315 F.3d 964, 968 (8th Cir. 2003) (lack of objective medical evidence is one factor to consider in evaluating claimant's credibility); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (insufficient objective medical evidence makes credibility

a particularly relevant issue, and reviewing court will generally defer to ALJ's assessment when adequately supported), but he did not rely on that fact alone.  Besides the lack of medical evidence, the ALJ also properly relied in part on the testimony concerning plaintiff's daily activities, which was some evidence of plaintiff's physical capabilities.  *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (ALJ did not err in making adverse determination of claimant's credibility based on inconsistencies between claimant's descriptions of her diverse daily activities and her claims of infirmity); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (in determining the credibility of a claimant's testimony about the severity of symptoms, an ALJ may consider the claimant's daily activities); *Crowley v. Barnhart*, 220 F.Supp.2d 176, 180 (W.D.N.Y. 2002) (in assessing a claimant's credibility, ALJ considers various factors, including claimant's daily activities).  I therefore conclude that the ALJ's findings concerning plaintiff's credibility are supported by substantial evidence.  *See Pietrunti v. Director, Office of Workers' Compensation Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997) ("credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are 'patently unreasonable'") (quoting *Lennon v. Waterfront Transport*, 20 F.3d 658, 661 (5th Cir. 1994)); *Matejka v. Barnhart*, 386 F.Supp.2d 198, 205 (W.D.N.Y. 2005) (ALJ's "evaluation of a claimant's credibility is entitled to great deference if it is supported by substantial evidence").[2]

---

[2]My conclusion that the ALJ did not err in this respect or in his findings concerning plaintiff's RFC renders it unnecessary for me to address plaintiff's remaining contention that the Commissioner failed to carry her burden at step five.  Since plaintiff failed at step four to demonstrate that he could no longer perform his past relevant work, there was no need to proceed to step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987) (Commissioner is required to bear burden of proof at step five "only if the sequential evaluation process proceeds to the fifth step"); *Hawkins v. Barnhart*, 356 F.Supp.2d 359, 367 (S.D.N.Y. 2005) ("Hawkins failed to meet her burden in step four because she failed to demonstrate that she could not

(continued...)

**CONCLUSION**

Defendant's motion for judgment on the pleadings (Dkt. # 4) is granted, plaintiff's motion

for judgment on the pleadings (Dkt. # 6) is denied, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 20, 2006

---

[2](...continued)
perform her previous employment.  Therefore, the burden never shifted to the ALJ to satisfy step
five").